Dzavid SINANOVIC, Petitioner,

v.

DEPARTMENT OF HOMELAND SE-CURITY, Department of Justice, Alberto Gonzales, Attorney General of the United States, Mary Ann Gantner, District Director, United States Citizenship and Immigration Services, Respondents.

No. 06–3370–ag.

United States Court of Appeals, Second Circuit.

March 7, 2007.

Ronald Cohen, Montclair, NJ, for Petitioner.

Maxwell Wood, United States Attorney for the Middle District of Georgia, Sharon T. Ratley, Assistant United States Attorney, Macon, GA, for Respondents.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Dzavid Sinanovic, a native of the former Yugoslavia and a resident of Montenegro, seeks review of a June 23, 2006, order of the BIA affirming the November 17, 2004, decision of Immigration Judge ("IJ") Noel Anne Ferris denying his claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Dzavid Sinanovic*, No. A 78 203 304 (B.I.A. Jun. 23, 2006), *aff'g* No. A 78 203 304 (Immig. Ct. N.Y. City Nov. 17, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

18

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating the findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Jorge–Tzoc v. Gonzales,* 435 F.3d 146, 148 (2d Cir.2006). A determination "based on flawed reasoning ... will not satisfy the substantial evidence standard," *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005) (citation and internal quotation marks omitted), and the agency's use of "an inappropriately stringent standard when evaluating an applicant's testimony constitutes *legal,* not factual error," *id.* (citation and internal quotation marks omitted). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ The IJ did not err in finding that Sinanovic did not establish past persecution. We have previously concluded that in order to constitute persecution, the harm to an asylum applicant must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006); *Tian–Yong Chen v. INS,* 359 F.3d 121, 127 (2d Cir.2004). However, we have also held that even a "minor beating, or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006). Here, Sinanovic

did not allege that he suffered any harm that would rise to the level of persecution. He was neither detained nor beaten by agents of the government. Indeed, the IJ noted that, according to the record evidence, he was "hit" only once during a demonstration, and that occurred more than ten years before his hearing. The BIA also correctly observed that while Sinanovic was also expelled from school and his home was visited by the police, these events did not constitute past persecution, even when considered cumulatively. *See Gjolaj v. BCIS,* 468 F.3d 140, 143 (2d Cir.2006). Sinanovic did not allege that the police threatened him or his family when they searched for him at home, but only that "they came to call me for the reserves, so called." He implied that the real reason that the police were searching for him was because of his political activities, but he provided no evidence or testimony to support that contention. His mother's affidavit, submitted to support Sinanovic's assertions does not indicate that the police were looking for him for that reason. While she claimed to have been frightened by the police, she did not testify that they threatened her or her son. Thus, even when considering the record as a whole, *Poradisova v. Gonzales,* 420 F.3d 70, 79–80 (2d Cir.2005), these events do not amount to past persecution.

■ The IJ's finding that Sinanovic did not have a well-founded fear of persecution was also supported by substantial evidence. The IJ noted that Sinanovic's mother, who had visited the United States in 2004, reported no mistreatment since her return to Montenegro, and her affidavit stated that no one had come looking for her son during that period.

The IJ also noted "significant changes, particularly in Montenegro, since the removal of Slobodan Milosevic" and concluded that Sinanovic does not have a well-

founded fear of persecution. While the IJ acknowledged some connections between the "old regime" and the government as it existed at the time of the hearing, she noted that a pending plan to sever Serbia and Montenegro would likely further improve conditions for those, like Sinanovic, who purportedly feared persecution by Serbian authorities. Thus, because we cannot say that a reasonable factfinder would be compelled to conclude that Sinanovic has a well-founded fear of persecution, *see* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. U.S. I.N.S.*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), the IJ's finding is supported by substantial evidence.

 Because Sinanovic was unable to meet his burden in establishing eligibility for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal and relief under the CAT. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

Sinanovic argues that the IJ's hostile conduct was prejudicial and denied him a fair hearing. While we do not, of course, condone hostile conduct by Immigration Judges, this claim is unavailing because Sinanovic does not demonstrate that the IJ's conduct here in any way denied him a full and fair opportunity to present his claims. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104–05 (2d Cir.2006); *cf. Islam v. Gonzales*, 469 F.3d 53, 55–56 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.